UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRETT BELLESHEIM AND ) <br> STEPHANIE BELLESHEIM, h/w ) <br> ) <br>     **Plaintiffs** ) <br> ) <br>     vs. ) <br> ) <br> TATE & KIRLIN ASSOCIATES, ) <br> INC. ) <br> ) <br>     **Defendant** ) <br> _____) | Case No. <br><br> CIVIL COMPLAINT <br><br> JURY TRIAL DEMANDED |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiffs, Brett Bellesheim and Stephanie Bellesheim, h/w, by and through their undersigned counsel, Brent F. Vullings, Esquire, of Vullings Law Group, LLC, complaining of Defendant, and respectfully avers as follows:

**I. INTRODUCTORY STATEMENT**

1.      Plaintiffs, Brett Bellesheim and Stephanie Bellesheim, h/w, are adult natural persons and they bring this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices as well as violations of the Florida Consumer Collections Practices Act (FCCPA).

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant conducts business and maintains a primary location in this District.

## III. PARTIES

4. Plaintiffs, Brett Bellesheim and Stephanie Bellesheim, h/w, are adult natural persons residing in Niceville, Florida. At all times material and relevant hereto, Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Tate & Kirlin Associates, Inc. ("Defendant") at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Florida and the Commonwealth of Pennsylvania with a location at 2810 Southampton Road, Philadelphia, PA 19154.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. In or around March, 2012, Plaintiff, Brett, started to receive calls to his personal cell phone while at his place of employment from Defendant.

8. Defendant is collecting on a debt allegedly owed by Plaintiff, Stephanie on a Shop NBC account.

9. Plaintiff, Brett, is currently stationed on an oil rig in Alaska, he is not to receive outside calls under any circumstances during work hours.

10. Plaintiff, Brett, informed Defendant from the first call that they needed to contact his wife directly on this matter.

11. Plaintiff, Brett, gave Defendant his wife's cell phone number.

12. Plaintiff, Stephanie, resides in the couple's home in Florida.

13. Defendant was told not to call Plaintiff, Brett again.

14. Despite being given Plaintiff, Stephanie's direct number, Defendant has never placed any calls to her.

15. Defendant continued however to place calls to Plaintiff, Brett's, personal cell phone in Alaska, asking about arrangements for payment on his wife's account.

16. Defendant has placed calls to Plaintiff, Brett, as early as 6:00 am.

17. Defendant has clearly never taken into consideration the three (3) hour time difference between Alaska where they are calling and the east coast where Defendant is located.

18. Over the last several months, Plaintiff, Brett, has received calls daily from Defendant.

19. Plaintiff, Brett, is unable to answer the calls during work hours.

20. During one call, Defendant's agent asked Plaintiff, Brett, if he was aware of the debt that his wife was "racking up".

21. Plaintiff, Stephanie, knows nothing of the debt that Defendant is trying to collect.

22.     Defendant's constant calls have caused martial issues between the Plaintiffs.

23.     As of the filing of this complaint, Defendant has sent nothing in writing to Plaintiff, Stephanie in regards to this alleged debt.

24.     The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendant's unlawful conduct.

25.     As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, emotional distress, fear, frustration and embarrassment.

26.     The Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

27.     The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

28.     The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

29.     At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

30. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

31. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiffs reputation, invasion of privacy, damage to Plaintiff, Stephanie's, credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## **COUNT I – FDCPA**

32. The above paragraphs are hereby incorporated herein by reference.

33. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

34. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692b(2) | Contact of Third Party: Stated that the consumer owes any debt |
| §§ 1692b(3) | Contact of Third Party: Contacted a person more than once, unless requested to do so |
| §§ 1692b(6) | Contact of Third Party: After knowing the consumer is represented by an attorney |

| | |
|---|---|
| §§ 1692c(a)(1) | At any unusual time, unusual place, or unusual time and place known to be inconvenient before 8:00am or after 9:00pm |
| §§ 1692c(a)(3) | At place of employment when knows that the employer prohibits such communication |
| §§ 1692c(b) | With anyone except consumer, consumer's attorney or credit bureau concerning the debt |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g | Failure to send the consumer a 30 day validation notice within five (5) days of the initial communication |

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendant for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II – FCCPA
### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT / 559.72 PROHIBITED PRACTICES

35. The above paragraphs are hereby incorporated herein by reference.

36. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes;

37. The foregoing acts and omissions constitute violations of the FCCPA, including but not limited to, violations of:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family;

(17) Communicate with the debtor between the hours of 9 p.m. and 8 a.m. in the debtor's time zone without the prior consent of the debtor;

(19) Cause charges to be made to any debtor for communications by

concealment of the true purpose of the communication, including collect telephone calls, cell phone calls and telegram fees

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendant, for the following:

a. Actual damages;

b. Statutory damages;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

        **Respectfully submitted,**

        **VULLINGS LAW GROUP, LLC**

**Date: May 23, 2012**

        **BY: _/s/ Brent F. Vullings BFV8435_**
        Brent F. Vullings, Esquire
        3953 Ridge Pike
        Suite 102
        Collegeville, PA 19426
        P: 610-489-6060
        F:610-489-1997
        Attorney for Plaintiff
        bvullings@vullingslaw.com